**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
STATESVILLE **DIVISION**
**CIVIL ACTION NO.** 5:15-CV-00004-RLV-DSC

| | |
|---|---|
| ROGER WIKER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ADVANCED FOOT & ANKLE CENTER, | ) |
| P.C., PIEDMONT HEALTHCARE, PA, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**BEFORE THE COURT** is its own motion directing the parties to file briefs indicating the standard to be applied at trial.

Defendants raised several affirmative defenses in their answer directed at the risks that a service animal poses in the rooms at Advanced Foot ("Advanced"), none of which actually cited any of the pertinent regulations. (D.E. 7, at 16-17, ¶¶ 2, 9); *see also id.* at 2 (secondary introductory paragraph to answer).

In the motion for summary judgment, Defendants utilized language tracking the direct threat and fundamental alteration defenses, without actually citing the text of the pertinent regulations. *See* (D.E. 20, at ¶ 2). The memorandum in support of the motion repeatedly utilizes the phrase "significant risk" which is a term of art related to the direct threat affirmative defense. *See* 42 U.S.C. § 12182(b)(3); 28 C.F.R. § 36.208; *see also* § 36.123 ("Subpart B of this part sets forth the general principles of nondiscrimination applicable to all entities subject to this part."). However, the memorandum in support also uses the phrase "fundamentally alter" which references the fundamental alteration affirmative defense. § 36.302(a).

At oral argument, counsel for defendant suggested that the pertinent standard of review applicable to the exclusion of the service animal in this case should fall under 28 C.F.R. § 36.301(b) which states that an entity "may impose legitimate safety requirements that are necessary for safe operation. Safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities."

The Court hereby **ORDERS** the parties to address what standard to include in the jury instructions. The parties' respective filings shall be no longer than twelve (12) pages. Responsive briefs shall be filed seven calendar days after the date the initial briefs are due. Responsive briefs shall be no longer than five (5) pages. Reply briefs are not permitted.

The filings shall be due **on or before October 21, 2016**. However, if the parties elect to voluntarily mediate said claims, the filing shall be due **November 18, 2016**. The parties shall file a notice indicating whether or not mediation will be attempted in accordance with this Order on or before **September 23, 2016** to receive the additional time for briefing.

**SO ORDERED.**

Signed: August 23, 2016

Richard L. Voorhees
United States District Judge